DANIEL G. McCASLIN AND KATHLEEN A. McCASLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCaslin v. Commissioner
Docket No. 4783-81
United States Tax Court
T.C. Memo 1982-598; 1982 Tax Ct. Memo LEXIS 146; 44 T.C.M. (CCH) 1390; T.C.M. (RIA) 82598; October 12, 1982. Stanley M. Michner, for the petitioners. George L. Bevan, Jr. and Thomas M. Rohall, for the respondent. WILBUR
*147 MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: This case was assigned to Special Trial Judge Darrell D. Hallett pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1974
$ 18.00
1975
$ 619.00
1976
$2,081.00
1977
$ 230.00
1978
$ 996.00
Due to concessions having been made by the petitioners, the sole issue for decision is whether the allowable investment credit with respect to used equipment acquired by petitioners and paid *148 for in part by a trade-in allowance on other equipment owned by petitioners is limited to the amount of additional consideration paid, or may be calculated based upon the total sales price of the equipment acquired. This case was submitted fully stipulated without trial pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners were residents of Fresno, California at the time their petition was filed. During 1970, petitioners purchased a used 1967 Kenworth tractor and a used 1969 utility dump. The investment tax credit was not in effect for the year 1970 and therefore petitioners neither claimed nor were allowed any credit with respect to the acquisition of this equipment. By 1977, petitioners had depreciated the equipment to the extent that it had an adjusted basis of zero. In February 1977, petitioners purchased a used 1975 Peterbilt tractor and a used Fruehauf dump for a stated purchase price of $47,000. This property constitutes "used section 38 property" within the meaning of section 48(c)(1) and therefore qualifies for the investment tax credit. *149 In connection with the purchase of this used equipment in 1977, petitioners were given a trade-in allowance for the Kenworth tractor and the 1969 utility dump of $24,000 against the $47,000 total purchase price, and they financed the balance of the purchase price ($23,000) from a commercial lender. The exchange of the equipment petitioners acquired in 1970 for the used equipment acquired in 1977 constitutes a like-kind exchange subject to the provisions of section 1031, so that no gain or loss is recognizable on the exchange. The parties also agree that the useful life of the used equipment acquired in 1977 was 7 or more years, such that the "applicable percentage" under section 46(c)(2) is 100 percent. The parties have now stipulated that, for purposes of calculating the investment credit, a finance charge included by petitioners as part of the cost of the equipment acquired in 1977 is not properly includible in such cost. Accordingly, the parties agree that the only issue is whether the investment credit may be calculated based upon the stated sales price of $47,000 of the equipment acquired in 1977, as contended by petitioners, or whether the credit may only be claimed with *150 respect to the additional consideration paid, $23,000, as contended by the respondent. [3]
Under sections 38 and 46(a)(2), an investment credit is allowable with respect to a percentage of the taxpayer's "qualified investment." Section 46(c)(1)(A) and (B) define the term "qualified investment" to mean, in the case of "new section 38 property," the basis of such property and, in the case of "used section 38 property," the cost of such property. The term "cost" as used in section 46(c)(1)(B) is not further defined in section 46. The term "used section 38 property" as used in this section is further defined in section 48(c)(1) to mean, in general, property acquired by purchase after December 31, 1961, which is not new section 38 property. Further, section 48(c)(2) contains a total dollar limitation with respect to the aggregate cost of used section 38 property which may be taken into account in calculating the credit. Finally, section *151 48(c)(3) states: Definitions. - For purposes of this subsection - * * * (B) Cost. - The cost of used section 38 property does not include so much of the basis of such property as is determined by reference to the adjusted basis of other property held at any time by the person acquiring such property. If property is disposed of (other than by reason of its destruction or damage by fire, storm, shipwreck, or other casualty, or its theft) and used section 38 property similar or related in service or use is acquired as a replacement therefor in a transaction to which the preceding sentence does not apply, the cost of the used section 38 property acquired shall be its basis reduced by the adjusted basis of the property replaced. * * * Sections 1.46-3(c)(2) and 1.48-3(b), Income Tax Regs., provide more detailed rules regarding the allowable base for investment credit in the case of used property. Insofar as these provisions in the treasury regulations are relevant to this case, they clearly provide that the "cost" of used section 38 property acquired by the taxpayer is the property's basis, reduced, in the case of a trade-in, by the adjusted basis of the property traded in. Relying *152 upon these provisions in the statute and regulations, respondent contends that the base for calculation of the investment credit with regard to the used property acquired by petitioners during 1977 should be determined as follows. First, the basis of the equipment acquired in 1977 is, since the equipment was acquired in connection with a nontaxable exchange under section 1031, $23,000 (the adjusted basis of the property acquired in 1970, zero, plus the additional consideration.) Next, a "second step" in the calculation calls for a reduction in the basis of the property acquired ($23,000) by the amount of the basis determined by reference to the adjusted basis of the property traded in. Since petitioners' equipment acquired in 1970 had a zero adjusted basis at the time of the trade-in, respondent concludes that there is no reduction called for and that the result is $23,000 of qualified investment upon which petitioners may calculate the credit. Petitioners sole contention in support of their claim that the investment credit with respect to the used property acquired during 1977 should be the full stated purchase price of $47,000 is that since petitioners neither claimed nor were *153 allowed an investment credit for the property traded in (because the investment credit was not then in effect), they should not be limited in the calculation of the credit to the adjusted basis of the property acquired. In particular, petitioners do not contend that section 1.48-3(b), Income Tax Regs., which provides that the "cost" of used section 38 property is its basis, is an invalid interpretation of the statutes (sections 46(c)(1)(B) and 48(c)(3)(B)). [4] Petitioners' contention that a distinction should be drawn as to the amount of allowable credit in the case of the acquisition of used property where used property traded in was acquired during a period when the investment credit was not allowable simply has no basis in the statute or the regulations. Neither the term "cost" as contained in section 46(c)(1)(B), "used section 38 property" as defined in section 48(c)(1), nor the definitions contained in section 48(c)(3) provide any basis for such a distinction. In this regard, section 48(c)(1) defines "used section 38 property" to mean property acquired by purchase after December 31, 1961 (which is not new section 38 property) with no qualification for property acquired during *154 periods after 1961 when the investment credit was suspended. Likewise, section 48(c)(3) provides that the cost of used section 38 property does not include that part of the property's basis which is determined by reference to the adjusted basis of other property held at any time by a taxpayer. Further, petitioners' *155 argument that the property they traded in should not be considered "used section 38 property" because it was acquired at a time when section 38 was not in effect overlooks the fact that the allowance of the credit does not depend upon whether the property traded in constitutes used section 38 property, but whether the property acquired constitutes such property. If the property acquired does qualify as used section 38 property, then the credit is allowable with respect to its "cost", which respondent's treasury regulations interpret to mean the basis of the property acquired, less the adjusted basis of the property traded in. Indeed, petitioners make no argument whatsoever that the applicable Code provisions or the regulations, as written, lend themselves to the interpretation which petitioners suggest. Petitioners simply ask us to write into the statutes an exception which does not exist, which we have no authority to do. Decision will be entered under Rule 155.
Footnotes
1. All section references re to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based upon the authority of the "otherwise provided" language of that rule.
3. The parties agree that the sales tax amounting to $2,820, which petitioners elected to capitalize, may be added to the base upon which investment credit is calculated. For simplicity, we have eliminated the sales tax for purposes of analysis.↩
4. Sections 46(c)(1)(B) and 48(c)(3)(B) provide that the credit in the case of used property is to be based upon cost. The above cited treasury regulations, as applied to the facts of this case, provide that "cost" is the basis of the property acquired less the adjusted basis, if any, of the property traded in. After this case was initially submitted for decision, the Court requested the parties to address the question as to whether the regulations, as applied to this case, are a valid interpretation of the statutes. Petitioners responded by conceding that the regulations are valid and they made no contention that, contrary to the regulations, the term "cost" as applied to a trade-in situation means the amount paid for the property acquired, and not its basis. Accordingly, we do not address the issue as to the validity of the regulations in this regard.↩